**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| 9969 INDUSTRIES, INC., ) | No. CIV-04-0973-PHX-SMM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| SIKKTOYS, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are no less than nine Motions, all filed in just over the past month. They are: Plaintiff's Fourth Motion for Order to Show Cause, for Order of Civil Contempt, and for Sanctions [Doc. No. 138], filed December 14, 2005; Defendants' Motion for Order to Show Cause Against Attorney Jon R. Kniss To Turn Over Files to Defendants and For Determination of Liability For All Sanctions and Judgment Awarded Against Defendants [Doc. No. 145], filed December 29, 2005; Defendants' Motion for Entry of Mutual Confidentiality and Protective Order [Doc. No. 151], filed January 4, 2006; Defendants' Rule 60(b)(6) Motion for Relief from Judgment [Doc. No. 164], filed January 13, 2006; Defendants' Rule 62(b) Motion for Stay of Execution Pending Resolution of Defendants' Rule 60(b)(6) Motion for Relief of Judgment and Motion for Expedited Hearing of Rule 60(b)(6) Motion [Doc. No. 165], filed January 13, 2006; Plaintiff's Ex Parte Motion for Court to Consider Plaintiff's Reply in Support of Its Fourth Motion for Order to Show Cause in Excess of 11 Pages [Doc. No. 167], filed January 17, 2006; Plaintiff's Motion for Expedited and Immediate Ruling on Plaintiff's Fourth

Motion for Order to Show Cause and for Civil Contempt [Doc. No. 169], filed January 17, 2006; Defendants' A.R.S. § 10-502 Motion for Stay of Execution Pending Plaintiff Obtaining Authority to Transact Business in Arizona [Doc. No. 170], filed January 17, 2006; and Plaintiff's Motion for Summary Denial Without Oral Argument [Doc. No. 172], filed January 17, 2006.  After careful review of all pertinent filings, the Court issues the following Order.

## DISCUSSION

### A. Defendants' Rule 60(b)(6) Motion for Relief from Judgment and Rule 62(b) Motion for Stay of Execution Pending Resolution of Defendants' Rule 60(b)(6) Motion

As a preliminary matter, the Court notes that Plaintiff filed a Response to Defendants' Rule 62(b) Motion for Stay of Execution Pending Resolution of Defendants' Rule 60(b)(6) Motion for Relief of Judgment and Motion for Expedited Hearing of Rule 60(b)(6) Motion [Doc. No. 171], and additionally, Plaintiff moved that the Court summarily deny Defendants' Rule 60(b)(6) and Rule 62(b) Motions in its Motion for Summary Denial Without Oral Argument.  Although no Reply has yet been filed, the Court finds that a Reply brief is not necessary. Both parties have provided their substantive arguments on this issue: Defendants in their Motion, and Plaintiff responded to Defendants' substantive arguments in its Response to the Rule 62(b) Motion. Therefore, Court has been provided sufficient briefing from which to rule. Also, the exigency with which these briefs have been filed compels the Court to issue a ruling in an expeditious manner.[1]

The Court now turns to the substance of Defendants' Rule 60(b)(6) Motion.

Defendants contend that because their former counsel, Jon Kniss, was grossly negligent, Defendants are entitled to relief from this Court's Default Judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  In support of their argument, Defendants rely on the Ninth Circuit's decision in <u>Community Dental Services v. Tani</u>, 282 F.3d 1164 (9th Cir. 2002). While the Court is cognizant of the attorney gross negligence grounds for setting aside a default

---

[1] For all the above reasons, the Court proceeds without hearing oral argument on the pending Motions.

- 2 -

judgment under <u>Tani</u>, the Court need not reach whether "gross negligence" existed here. Instead, pursuant to <u>Tani</u>, the Court declines to grant Defendants' Motion because *Defendants themselves* have engaged in culpable conduct. <u>See</u> <u>id.</u> at 1172.

"A proper finding of culpable conduct by [a party] would be sufficient to justify [a] district court's refusal to grant a Rule 60(b) motion." <u>Id.</u>; <u>Cassidy v. Tenorio</u>, 856 F.2d 1412, 1415 (9th Cir. 1988) ("a finding that . . . the defendant's own culpable conduct prompted the default is sufficient to justify the district court's refusal to vacate a default judgment"). In this case, the Court granted default judgment in favor of Plaintiff based on Defendants' "numerous violations" of the Court's Orders. (5/23/05 Order at p. 23, lines 25-26.)

Specifically, the Court found in its default judgment Order that "*Defendant Ondrejko* has violated the Court's Preliminary Injunction Order and Civil Contempt Order of January 5th by retaliating against, intimidating, and harassing Plaintiff, its employees and its associates." (<u>Id.</u> at lines 22-25.) (emphasis added) The January 5, 2005 Order had come on the heels of a January 3, 2005 hearing at which Mr. Ondrejko had personally appeared. At that hearing, the Court encouraged the parties to "act professionally and responsibly, even though [they may not] like the order that's been entered" and that "the order to be entered is to be followed, and there will be consequences if we find that there have been violations of the court order." (Trans. of 1/3/05 Hr'g at p. 28, lines 7-11.) In addition, the Court notes that it had previously ordered Defendants not to engage in retaliatory conduct against Plaintiff before its January 5, 2005 Order. In an August 31, 2004 Order, the Court enjoined Defendants from "taking any illegal retaliatory action against Plaintiff, its employees, agents, and/or representatives as a result of the entry of this Order." (8/31/04 Order at p. 14, lines 16-17.) The Court's January 5, 2005 Order reiterated and expanded upon its August 31, 2004 Order when it ordered Defendants to "refrain from all acts of harassment and intimidation of Plaintiff, its employees, and its associates, and order its employees to refrain from all acts of harassment and intimidation of Plaintiff." (1/5/05 Order at p. 18, lines 8-10.) Despite those clear Orders, Defendants nevertheless engaged in retaliatory

1 conduct which the Court has detailed at great length in prior Orders.[2] That conduct, in addition
2 to other failures, ultimately led to a default judgment imposed by this Court.

3 Another grounds on which the Court found extraordinary circumstances warranting
4 default judgment to be entered was Defendants' failure to comply with discovery-related Orders.
5 (5/23/05 Order at p. 23, lines 21-22.) Although Defendant may argue he was not aware of such
6 Orders, the Court notes that it addressed Defendant Ondrejko personally at a January 3, 2005
7 hearing about the consequences of his failure to produce discovery-related documents. (Trans.
8 of 1/3/05 Hr'g at p. 27, lines 11-17.) Indeed, the Court warned Mr. Ondrejko that if he failed
9 to produce those documents, the Court could order their production, and Defendants' Answer
10 could be stricken and default judgment could be entered against Defendants if they defied Court
11 Orders.[3] (Id.) Thus, the Court personally alerted Defendant Ondrejko to the possible
12 consequences of failing to cooperate in discovery and the pendency of a forthcoming Court
13 Order in January 2005.

14 In light of the above discussion, the Court finds that the default judgment was imposed
15 because of Defendants' own wilful, bad faith, and predatory conduct, and was not "based solely
16 on [Defendants' attorney's] conduct." See Tani, 282 F.3d at 1172. The Court will therefore
17 deny Defendants' Motion to set aside the default judgment against them [Doc. No. 164].[4]

---

[2] The Court incorporates by reference its previous recitations of Defendants' conduct and need not repeat it here.

[3] While the Court recognizes that it also told Defendant Ondrejko he needed to work with his lawyer (Id. at line 10.), the Court emphasizes that it thereafter specifically addressed Mr. Ondrejko about his duty to produce documents and warned him of the consequences if he failed to do so, as outlined above.

[4] Because the Court has ruled on Defendants' Rule 60(b)(6) Motion, the Court will deny Defendants' Rule 62(b) Motion for Stay of Execution Pending Resolution of Defendants' Rule 60(b)(6) Motion for Relief of Judgment and Motion for Expedited Hearing of Rule 60(b)(6) Motion [Doc. No. 165] as moot. Additionally, the Court will deny Plaintiff's Motion for Summary Denial Without Oral Argument [Doc. No. 172] on the same basis.

**B. Defendants' A.R.S. § 10-502 Motion for Stay of Execution Pending Plaintiff Obtaining Authority to Transact Business in Arizona**[5]

Defendants also argue that the execution of the Court's judgment should be stayed pursuant to A.R.S. § 10-502(C) because Plaintiff is in violation of A.R.S. § 10-502(A) by failing to obtain authorization of the Arizona Corporation Commission to transact business in the State of Arizona. However, because this case is predicated upon a federal question,[6] rather than diversity of citizenship, this Court is not obligated to apply Arizona's door-closing statute. See Angel v. Bullington, 330 U.S. 183, 192 (1947) ("[W]here resort is had to a federal court not on grounds of diversity of citizenship but because a federal right is claimed, the limitations upon the courts of a State do not control a federal court sitting in the State.") (citing Holmberg v. Armbrecht, 327 U.S. 392 (1946)).[7] Thus, the Court will deny the instant Motion.[8]

Because both Motions to stay the execution of the judgment have been denied, Plaintiff's collection efforts, including the Judgment-Debtor Examination scheduled for January 23, 2006 before Magistrate Judge David K. Duncan, may go forward.

**C. Plaintiff's Fourth Motion for Order to Show Cause/Civil Contempt**

The Court next addresses Plaintiff's Fourth Motion for Order to Show Cause, for Order of Civil Contempt, and for Sanctions [Doc. No. 138] (hereinafter "Fourth Motion"), Plaintiff's Ex Parte Motion for Court to Consider Plaintiff's Reply in Support of Its Fourth Motion for Order to Show Cause in Excess of 11 Pages [Doc. No. 167], and Plaintiff's Motion for

---

[5] This Motion is fully briefed. Defendants filed their Motion on January 17, 2006, Plaintiffs responded on January 18, 2006 [Doc. No. 173], and Defendants filed their Reply on January 19, 2006 [Doc. No. 174].

[6] Also, jurisdiction over Plaintiff's state law claims in this matter is proper under 28 U.S.C. § 1367, but this is not of import to the Court's analysis.

[7] The Court is concerned that learned counsel did not discuss the appropriate standard for cases based on federal question jurisdiction.

[8] In its Response to the instant Motion, Plaintiff requested sanctions under Rule 11 of the Federal Rules of Civil Procedure. The Court declines to award such sanctions.

Expedited and Immediate Ruling on Plaintiff's Fourth Motion for Order to Show Cause and for Civil Contempt [Doc. No. 169]. For good cause appearing, the Court will grant Plaintiff's Motion to Consider Plaintiff's Reply in Support of its Fourth Motion for Order to Show Cause [Doc. No. 167]. Furthermore, while the Court recognizes the Fourth Motion is now fully briefed, the Court will deny Plaintiff's Motion for Expedited and Immediate Ruling on Plaintiff's Fourth Motion for Order to Show Cause and for Civil Contempt [Doc. No. 169]. The Fourth Motion was fully briefed as of January 17, 2006, and remains under consideration by the Court.

**D. Defendants' Motion for Order to Show Cause against Attorney Kniss**

Defendants' Motion for Order to Show Cause Against Attorney Jon R. Kniss To Turn Over Files to Defendants and For Determination of Liability For All Sanctions and Judgment Awarded Against Defendants [Doc. No. 145] is not fully briefed. Plaintiff responded to Defendants' Motion for Order to Show Cause Against Attorney Kniss with a Motion for Summary Denial Without Oral Argument [Doc. No. 172] on January 17, 2006. The Court will deny Plaintiff's Motion for Summary Denial Without Oral Argument and instead set forth the following Briefing Schedule with respect to this Motion:

- Plaintiff's Response to Defendants' Motion for Order to Show Cause Against Attorney Kniss shall be due January 24, 2006. Defendants' Reply, if any, shall be due thereafter as per Rule 7.2(d) of the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"). No extensions shall be granted.

**E. Defendants' Motion for Entry of Mutual Confidentiality and Protective Order**

Defendants' Motion for Entry of Mutual Confidentiality and Protective Order [Doc. No. 151] is also pending. The parties shall adhere to the normal briefing periods as set forth in Local Rule 7.2.

//
//
//
//

**CONCLUSION**

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Response to Defendants' Motion for Order to Show Cause Against Attorney Kniss [Doc. No. 145] shall be due January 24, 2006. Defendants' Reply, if any, shall be due thereafter as per Local Rule 7.2(d). No extensions shall be granted.

**IT IS FURTHER ORDERED** that Defendants' Rule 60(b)(6) Motion for Relief from Judgment [Doc. No. 164] is DENIED.

**IT IS FURTHER ORDERED** that Defendants' Rule 62(b) Motion for Stay of Execution Pending Resolution of Defendants' Rule 60(b)(6) Motion for Relief of Judgment and Motion for Expedited Hearing of Rule 60(b)(6) Motion [Doc. No. 165] is DENIED as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Ex Parte Motion for Court to Consider Plaintiff's Reply in Support of Its Fourth Motion for Order to Show Cause in Excess of 11 Pages [Doc. No. 167] is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited and Immediate Ruling on Plaintiff's Fourth Motion for Order to Show Cause and for Civil Contempt [Doc. No. 169] is DENIED.

**IT IS FURTHER ORDERED** that Defendants' A.R.S. § 10-502 Motion for Stay of Execution Pending Plaintiff Obtaining Authority to Transact Business in Arizona [Doc. No. 170] is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Denial Without Oral Argument [Doc. No. 172] is DENIED.

DATED this 20th day of January, 2006.

*[Signature]*
Stephen M. McNamee
Chief United States District Judge